UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SUMMER SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF CALIFORNIA DEPARTMENT OF HIGHWAY PATROL,<br><br>    Defendant. | Case No.  13-cv-1341-JD<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

The Court will read these preliminary instructions to the jury that is seated after voir dire on March 23, 2015.

**IT IS SO ORDERED**.

Dated: March 22, 2015

_____
JAMES DONATO
United States District Judge

# INSTRUCTION NO. 1: DUTY OF JURY

Ladies and gentlemen:  You are now the jury in this case. It is my duty to instruct you on the law. These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

<u>Source</u>
Ninth Circuit Model Civil Jury Instructions 1.1A.

# INSTRUCTION NO. 2: CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff in this case claims that the California Highway Patrol retaliated against her for pursing a complaint against one of its officers. She claims that because of the retaliation, she decided not to continue with the application process to become a CHP cadet. The plaintiff has the burden of proving this claim. The defendant denies the claim.

Source
Ninth Circuit Model Civil Jury Instruction 1.2.

## INSTRUCTION NO. 3: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.

Source
Ninth Circuit Model Civil Jury Instruction 1.6.

4

# INSTRUCTION NO. 4: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence. But these arguments and statements are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.
3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.
4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source
Ninth Circuit Model Civil Jury Instruction 1.7.

### INSTRUCTION NO. 5: EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Source
Ninth Circuit Model Civil Jury Instruction 1.8.

6

## INSTRUCTION NO. 6: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source
Ninth Circuit Model Civil Jury Instruction 1.9.

## **INSTRUCTION NO. 7: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:
1. the opportunity and ability of witness to see or hear or know he things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Source
Ninth Circuit Model Civil Jury Instruction 1.11.

## INSTRUCTION NO. 8: IMPEACHMENT EVIDENCE−WITNESSES

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source
Ninth Circuit Model Civil Jury Instruction 2.8.

### **INSTRUCTION NO. 9: QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Source
Ninth Circuit Model Civil Jury Instruction 1.15.

## **INSTRUCTION NO. 10: DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source
Ninth Circuit Model Civil Jury Instruction 2.4.

11

# INSTRUCTION NO. 11: USE OF INTERROGATORIES OF A PARTY

Evidence will be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source
Ninth Circuit Model Civil Jury Instruction 2.10.

# INSTRUCTION NO. 12: STIPULATION OF FACT

The parties have agreed to the following facts. You should therefore treat these facts as having been proved.

On December 16, 2010, as part of the California Highway Patrol cadet application process, Plaintiff Nicole Smith took a background screening test called the Critical Voice Stress Analysis ("CVSA") at the CHP Northern Division office in Redding, California. One purpose of this test is to screen out applicants who have been involved in sex crimes. There is no allegation in this case that Ms. Smith engaged in any sex crimes. During the CVSA process, Ms. Smith alleges the screening officer asked her three intrusive questions about her past sexual activities. She also alleges the screening officer made an inappropriate joke during the test.

Ms. Smith discussed the intrusive questions with her husband, who is also a CHP officer, as well as with another family friend, also a CHP officer. The family friend told his Captain in late May 2011, about Ms. Smith's account of the questions asked during the CVSA. The CHP then conducted an inquiry into the matter, starting in early June 2011.

During the CHP's inquiry into this matter, the officer who administered the CVSA exam admitted to asking one of the questions Smith attributed to him. He also admitted telling the joke. The CHP served a formal Memorandum of Direction on the officer on July 22, 2011

The parties have agreed to this statement regarding the CVSA examination incident, in order to place into context the subject matter of this case, which concerns alleged retaliation. Ms. Smith is not making any claim for damages from the CVSA, and you will not be allowed to award any damages for the CVSA.

Source
Ninth Circuit Model Civil Jury Instruction 1.3.

## INSTRUCTION NO. 13: BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

Source
Ninth Circuit Model Civil Jury Instruction 1.3.

# INSTRUCTION NO. 14: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.
>
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Source
Ninth Circuit Model Civil Jury Instruction 1.12.

## **INSTRUCTION NO. 15: NO TRANSCRIPT AVAILABLE/TAKING NOTES**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source
Ninth Circuit Model Civil Jury Instructions 1.13 and 1.14.

## **INSTRUCTION NO. 16: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source
Ninth Circuit Model Civil Jury Instruction 1.10.

17

## **INSTRUCTION NO. 17: OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source
Ninth Circuit Model Civil Jury Instruction 1.9.

18

# INSTRUCTION NO. 18: USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

I hope that for all of you this case is interesting and noteworthy.

Source
Judicial Conference Committee on Court Administration and Case Management Proposed Model Jury Instruction on the Use of Electronic Technology to Conduct Research on or Communicate about a Case, *available at* http://www.uscourts.gov/uscourts/News/2012/jury-instructions.pdf

# INSTRUCTION NO. 19: CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my courtroom deputy, Ms. Clark, to give to me.

Source
Ninth Circuit Model Criminal Jury Instruction 2.1.