UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SUMMER SMITH, | Case No.  13-cv-01341-JD |
| Plaintiff, | |
| v. | **FINAL JURY INSTRUCTIONS** |
| THE STATE OF CALIFORNIA DEPARTMENT OF HIGHWAY PATROL, | |
| Defendant. | |

The Court will give these final instructions to the jury on March 27, 2015.

**IT IS SO ORDERED.**

Dated:  March 26, 2015

_____

JAMES DONATO
United States District Judge

## INSTRUCTION NO. 1: DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law.

A copy of these instructions will be available in the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.  It is my duty to instruct you on the law.

United States District Court
Northern District of California

## <u>INSTRUCTION NO. 2: WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

      1.    the sworn testimony of any witness;

      2.    the exhibits which are received into evidence; and

      3.    any facts to which the lawyers have agreed.

### INSTRUCTION NO. 3: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their client to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 4: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

## <u>INSTRUCTION NO. 5: CREDIBILITY OF WITNESSES</u>

2

3 In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

4

In considering the testimony of any witness, you may take into account:

5
   1.   the opportunity and ability of witness to see or hear or know he things testified to;

6
   2.   the witness's memory;
   3.   the witness's manner while testifying;

7
   4.   the witness's interest in the outcome of the case and any bias or prejudice;
   5.   whether other evidence contradicted the witness's testimony;

8
   6.   the reasonableness of the witness's testimony in light of all the evidence; and
   7.   any other factors that bear on believability.

9

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

6

## INSTRUCTION NO. 6: STIPULATION OF FACT

The parties have agreed to the following facts. You should therefore treat these facts as having been proved.

On December 16, 2010, as part of the California Highway Patrol (the "CHP") cadet application process, Plaintiff Nicole Smith took a background screening test called the Critical Voice Stress Analysis ("CVSA") at the CHP Northern Division office in Redding, California. One purpose of this test is to screen out applicants who have been involved in sex crimes. There is no allegation in this case that Ms. Smith engaged in any sex crimes. During the CVSA process, Ms. Smith alleges the screening officer asked her three intrusive questions about her past sexual activities. She also alleges the screening officer made an inappropriate joke during the test.

Ms. Smith discussed the intrusive questions with her husband, who is also a CHP officer, as well as with another family friend, also a CHP officer. The family friend told his Captain in late May 2011, about Ms. Smith's account of the questions asked during the CVSA. The CHP then conducted an inquiry into the matter, starting in early June 2011.

During the CHP's inquiry into this matter, the officer who administered the CVSA exam admitted to asking one of the questions Smith attributed to him. He also admitted telling the joke. The CHP served a formal Memorandum of Direction on the officer on July 22, 2011.

The parties have agreed to this statement regarding the CVSA examination incident, in order to place into context the subject matter of this case, which concerns alleged retaliation. Ms. Smith is not making any claim for damages from the CVSA, and you will not be allowed to award any damages for the CVSA.

**<u>INSTRUCTION NO. 7: BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE</u>**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

### INSTRUCTION NO. 8: RETALIATION - TITLE VII

I will now instruct you on the law that applies in this case.

The issue in this case is not whether Ms. Smith was treated fairly or whether the CHP properly investigated her allegations of sexual harassment.  Rather, the issue in the case concerns a specific retaliation claim under Title VII of the federal Civil Rights Act and under the California state Fair Employment and Housing Act.

With respect to Title VII, Ms. Smith seeks damages against the CHP for retaliation.  Ms. Smith has the burden of proving each of the following elements by a preponderance of the evidence:

    1.   That Ms. Smith engaged in an activity protected under federal law, namely that she made a complaint about sexual harassment against Officer Call of the CHP;

    2.   That the CHP then subjected Ms. Smith to an adverse employment action, namely by offering her a citizen's complaint form; and/or sending her a letter stating that she did not want to pursue a complaint; and/or sending her a letter about an I-9 form; and

    3.   That Ms. Smith was subjected to the adverse employment action because of her complaint about sexual harassment.

Under Title VII, an action is an adverse employment action if a reasonable job applicant would have found the action materially adverse, which means it might have dissuaded a reasonable job applicant from making or supporting a charge of sexual harassment.

A plaintiff is "subjected to an adverse employment action" because of her participation in making a sexual harassment complaint if the adverse employment action would not have occurred but for that participation.

If you find that Ms. Smith has proved all three of these elements, your verdict should be in her favor.  If, on the other hand, she has failed to prove any one of these elements, your verdict should be for the CHP.

United States District Court
Northern District of California

9

## INSTRUCTION NO. 9: RETALIATION - FEHA

With respect to the California Fair Employment and Housing Act ("FEHA"), Ms. Smith claims that the CHP retaliated against her for engaging in an activity protected by the FEHA. To establish this claim, Ms. Smith must prove all of the following:

1.   That Ms. Smith engaged in an activity protected under California law, namely that she made a complaint about sexual harassment against Officer Call of the CHP;

2.   That the CHP then subjected Ms. Smith to an adverse employment action, namely by sending her a letter about an I-9 form. I have already ruled prior to trial that the only conduct by the CHP that may qualify as an adverse employment action under the FEHA is the I-9 letter. In deciding whether Smith was subjected to an adverse employment action under the FEHA, consider only the I-9 letter. Do not consider any other conduct by the CHP;

3.   That Ms. Smith's making of a harassment complaint was a substantial motivating reason for the CHP's decision to send the I-9 letter;

4.   That Ms. Smith was harmed; and

5.   That the CHP's conduct was a substantial factor in causing Ms. Smith's harm.

A "substantial motivating reason" is a reason that actually contributed to the adverse action. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the adverse employment action.

**INSTRUCTION NO. 10: DAMAGES**

I will now instruct you about the measure of damages.

By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.  Ms. Smith has the burden of proving damages by a preponderance of the evidence, and it is for you to decide what damages, if any, have been proven.

If you find that the CHP retaliated against Ms. Smith in violation of Title VII or the FEHA, you must determine Ms. Smith's damages.

Damages means the amount of money that will reasonably and fairly compensate Ms. Smith for any injury you find was caused by the CHP.  Under Title VII, if you find liability, you should decide any and all compensatory damages <u>except</u> for lost wages and job benefits both in the past and in the future.  Damages on these losses are for the Court to decide if you find liability.  In determining the measure of compensatory damages under Title VII, you should consider the mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.  No evidence of monetary value of such things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damages.  Any award you make should be fair in light of the evidence presented at trial.  If you award damages for future mental and emotional pain and suffering, the amount should not be reduced to present cash value.

Under the California FEHA, if you find liability, you should consider the reasonable value to Ms. Smith of past and future lost wages, earning capacity and employment opportunities.  To recover damages for past lost earnings, Ms. Smith must prove the amount of wages and benefits she has lost to date.  To recover damages for future lost earnings, Ms. Smith must prove the amount of wages and benefits she will be reasonably certain to lose in the future as a result of the injury.  You may also consider whether to award damages for mental and emotional pain and suffering.

Any award for future economic damages must be for the present cash value of those damages.  Present cash value means the sum of money needed now, which when invested at a reasonable rate of return, will pay future damages at the times and in the amount that you find the damages would have been received.  The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

In determining the amount of damages, if any, to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in the evidence.  You may not award damages based on sympathy, speculation or guesswork.  On the other hand, the law does not require Ms. Smith to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Each item of damages may be awarded only once.  If you find the CHP to be liable under both Title VII and FEHA, you may award compensatory damages for mental and emotional pain only once.

## <u>INSTRUCTION NO. 11: DAMAGES - MITIGATION</u>

Ms. Smith has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

CHP has the burden of proving by a preponderance of the evidence:

    1.    That Ms. Smith failed to use reasonable efforts to mitigate damages; and
    2.    The amount by which damages would have been mitigated.

## INSTRUCTION NO. 12: USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

## INSTRUCTION NO. 13: DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 14: CONSIDERATION OF EVIDENCE-CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## <u>INSTRUCTION NO. 15: COMMUNICATIONS WITH COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 16: RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.